## BROWN v. WHITTEMORE.

A contract of apprenticeship, entered into by a minor under the age of fourteen years, but not by an indenture in two parts, sealed by both the parties, and without any deposit of the instrument containing the contract in trust for the minor, according to the provisions of chapter 151 of the Revised Statutes, is voidable by the minor.

Any act by the minor, clearly showing his intention not to be bound by such contract, is a sufficient avoidance of it.

By consent of the parties this action was tried by the court. It was assumpsit, to recover for labor, &c., alleged to have been done by one Nute, as the servant and apprentice of the plaintiff, for the defendant, at his request. The plea was the general issue, with a brief statement that said Nute, "at the time of the alleged services, was neither the servant nor the apprentice of the plaintiff." To show that Nute was his apprentice, the plaintiff produced an

indenture, signed by Nute and himself, dated July 16, 1858, and approved by the selectmen of Wolfborough on the same day. A copy of this indenture was made part of the case, and from the copy it did not appear that the original was under seal. No duplicate of this indenture was made. It appeared that Nute was born August 8, 1845; that his mother died about 1851, and his father died about 1855. In February, 1860, Nute ran away from the plaintiff's service, and did not return, but after a time engaged in labor for the defendant. Soon after Nute left the plaintiff's service, the plaintiff caused an advertisement to be published in a newspaper printed in Ossipee, cautioning all persons against employing Nute, but it did not appear that this advertisement came to the defendant's knowledge. There was other evidence reported, which the view taken by the court renders it unnecessary to state. The court at the trial term found for the defendant, and, the plaintiff excepting to the finding, the questions of law were reserved.

*Carter,* and *L. D. Sawyer,* for the plaintiff.

*Chesley,* for the defendant.

BARTLETT, J. The plaintiff did not show that the minor became bound to him as an apprentice "by an indenture in two parts," sealed by both parties, and it did not appear that the instrument produced by him had been lodged with or kept by the town-clerk. The contract of apprenticeship was therefore voidable by the minor. Rev. Stat., ch. 151, sec. 3; *Page* v. *Marsh,* 36 N. H. 305.

We think that the acts of the minor in quitting the plaintiff's service and engaging in labor elsewhere were sufficient evidence of an avoidance of the contract by him. *State* v. *Plaisted,* 43 N. H. 413.

There must be judgment for the defendant upon the finding of the court.